UNITED STATES *v.* WOOD.

(*Circuit Court, D. Rhode Island.* January 17, 1891.)

1. PERJURY—SUFFICIENCY OF INDICTMENT—PENSION CLAIM.
   An indictment for perjury alleged that defendant, "in a case then pending before the commissioner of pensions of the United States, being a special examiner into the merits of the pension claim of one Edwin Brackett," did falsely swear, etc. *Held*, that the indictment was sufficient, although it failed to allege that the B. mentioned was the same B. who in his pension claim alleged himself to have been a member of Company F, Second R. I. Volunteers.

2. SAME.
   After stating facts which constituted perjury, it was not necessary that the indictment should charge, in terms, that defendant did commit perjury.

At Law.

This was a motion in arrest of judgment after a verdict of guilty. The indictment was drawn under Rev. St. § 5392, and alleged that Robert Wood—

"In a case then pending before the commissioner of pensions of the United States, being a special examination into the merits of the pension claim of one Edwin Brackett, who claimed to be entitled to a pension from the United States by reason, among other things, of the loss of the thumb of his left hand, and of injuries to his face, incurred on or about the second day of April in the year of our Lord one thousand eight hundred and sixty-five, while in the service of the United States, * * * did knowingly, willfully, maliciously, corruptly, feloniously, and contrary to said oath, state and subscribe certain matters and things material to said inquiry into the merits of said pension claim of said Edwin Brackett, and did swear, amongst other things,"

—and so forth, setting out the alleged deposition, and falsifying the statements thereof, and concluding that the said statement "was false, and he, the said Robert Wood, then and there well knew the same to be false, all of which he, the said Robert Wood, then and there well knew, against the peace," etc.

The prisoner moved in arrest—*First*, because the indictment—

v.44F.no.10—48

"Did not specify with sufficient certainty that the Edwin Brackett named therein was the Edwin Brackett who, as a late member of Company F, 2d R. I. Vols., made an application for a pension, and that his was the pension case in which the defendant is charged with making an untrue statement under oath."

And, *secondly*, because the indictment "did not specifically set forth that the defendant falsely and intentionally committed perjury in the premises."

*Rathbone Gardner*, Dist. Atty., for the United States.
*Hugh J. Carroll*, for defendant.

CARPENTER, J. I am of opinion that the indictment sufficiently describes the matter or case in respect to which the false affidavit is charged. It is of course possible that there may be a person named Edwin Brackett other than that person who in his petition for pension alleged himself to have been a member of a certain company in a certain regiment; and it is quite possible, also, that these two persons may have been members of the same company. In either case, in pleading the judgment in this case in bar of another prosecution, the prisoner here would effectually defend himself by alleging and proving that the offense there alleged is the same offense for which he was formerly convicted.

Nor do I think it necessary to the validity of the indictment that the grand jury should conclude by charging, in terms, that the prisoner committed perjury. It is sufficient to allege such actions as constitute perjury according to the provisions of the statute.

The motion in arrest of judgment will therefore be denied and dismissed.